```
                   IN THE UNITED STATES DISTRICT COURT

                       FOR THE DISTRICT OF HAWAII
```

| | |
|---|---|
| ALLIED WORLD SURPLUS LINES INSURANCE COMPANY F/K/A DARWIN SELECT INSURANCE COMPANY and ALLIED WORLD SPECIALTY INSURANCE COMPANY F/K/A/ DARWIN NATIONAL ASSURANCE COMPANY,<br><br>        Plaintiffs,<br><br>    vs.<br><br>HAWAII MEDICAL SERVICE ASSOCIATION D/B/A BLUE CROSS AND BLUE SHIELD OF HAWAII<br><br>        Defendant. | Civ. No. 17-00156 HG-RLP |

**ORDER GRANTING DEFENDANT HAWAII MEDICAL SERVICE ASSOCIATION'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT (ECF No. 32)**

Plaintiffs Allied World Surplus Lines Insurance Company and Allied World Specialty Insurance Company filed a Complaint seeking a declaratory judgment in a coverage dispute against Defendant Hawaii Medical Service Association.

The Complaint seeks a declaration that neither of the two insurance policies issued by the Plaintiffs to the Defendant cover the defense of the multidistrict litigation cases currently pending in the United States District Court for the Northern District of Alabama. Plaintiffs are not parties to the multidistrict litigation.

1

Defendant Hawaii Medical Service Association filed a Motion to Dismiss for lack of subject-matter jurisdiction and failure to state a claim. Defendant argues in the alternative that Plaintiffs' request is premature and should be dismissed, or stayed, pursuant to the Court's discretion over declaratory judgment actions. Defendant's Motion to Dismiss (ECF No. 32) is **GRANTED**. Plaintiffs have failed to establish subject-matter jurisdiction.

## **PROCEDURAL HISTORY**

On April 5, 2017, Plaintiffs filed a COMPLAINT. (ECF No. 1).

On May 22, 2017, Defendant filed DEFENDANT HAWAII MEDICAL SERVICE ASSOCIATION'S MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT FILED ON APRIL 5, 2017. (ECF No. 27).

On June 5, 2017, Plaintiffs filed a FIRST AMENDED COMPLAINT. (ECF No. 30).

On June 7, 2017, the Court filed STIPULATION REGARDING HEARING ON DEFENDANT'S MOTION TO DISMISS THE COMPLAINT FOR DECLARATORY JUDGMENT AND ORDER. (ECF No. 31). Pursuant to the Stipulation, Defendants withdrew their Motion to Dismiss the Complaint for Declaratory Judgment without prejudice.

On June 21, 2017, Defendant filed DEFENDANT HAWAII MEDICAL SERVICE ASSOCIATION'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

FOR DECLARATORY JUDGMENT FILED ON June 21, 2017. (ECF No. 32).

On July 5, 2017, Plaintiffs filed PLAINTIFFS' MEMORANDUM IN OPPOSITION TO HAWAII MEDICAL SERVICE ASSOCIATION'S MOTION TO DISMISS FOR FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT FILED JUNE 21, 2017. (ECF No. 35).

On July 19, 2017, Defendant filed DEFENDANT HAWAII MEDICAL SERVICE ASSOCIATION'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF [32] DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT. (ECF No. 37).

On July 20, 2017, Defendant filed NOTICE OF ERRATA TO HMSA'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT FILED ON JUNE 5, 2017. (ECF No. 38).

On August 4, 2017, Defendant filed NOTICE OF UNCITED AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF. (ECF No. 39).

On August 16, 2017, Plaintiffs filed PLAINTIFF'S OBJECTION TO DEFENDANT'S NOTICE OF UNCITED AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS. (ECF No. 40).

On August 22, 2017, Defendant filed DEFENDANT HAWAII MEDICAL SERVICE ASSOCIATION'S RESPONSE TO PLAINTIFF'S OBJECTION TO NOTICE OF UNCITED AUTHORITIES IN SUPPORT OF THE MOTION TO DISMISS. (ECF No. 41).

On September 19, 2017, the Court held a hearing on

Defendant's motion to dismiss. The Court rendered a ruling granting Defendant's Motion to Dismiss and Dismissing without Prejudice Plaintiffs' Fist Amended Complaint. (ECF No. 48). The Court stated a written order would be filed at a later date. (Id.) This written order sets forth the Court's basis for the grant of Defendant's Motion to Dismiss.

## BACKGROUND

Plaintiffs Allied World Surplus Lines Insurance Company and and Allied World Specialty Insurance Company (collectively hereafter "Allied World") issued the two insurance policies that are the subject of this action to the Hawaii Medical Service Association (hereafter "HMSA"). (First Amended Complaint at ¶¶ 29, 39, ECF No. 30).

Plaintiff Allied World Surplus Lines Insurance Company, formerly known as Darwin Select Insurance Company, issued the Managed Care Organization Errors and Omissions Liability Insurance Policy (hereafter "E&O Policy"). (Id. at ¶ 29).

Plaintiff Allied World Specialty Insurance Company, formerly known as Darwin National Assurance Company, issued the Healthcare Organizations Directors and Officers Liability Insurance Policy (hereafter "D&O Policy"). (Id. at ¶ 39).

In 2012, a number of antitrust class action lawsuits were filed by providers and subscribers against multiple Blue Cross

4

Blue Shield entities or members plans and the Blue Cross Blue Shield Association.  (Id. at ¶¶ 9-10).  The cases were consolidated and transferred by the Judicial Panel on Multidistrict Litigation to the United States District Court for the Northern District of Alabama as In Re: Blue Cross Blue Shield Antitrust Litigation, Mater File No 2:13-cv-20000-RDP (hereafter "MDL Litigation").  (Id.).  HMSA is a defendant in the MDL Litigation.  (Id. at ¶ 14).  Plaintiffs are not parties in the MDL Litigation.  (Id. at ¶ 9).

In the case before the Court here, the First Amended Complaint contains two requests for declaratory relief against Defendant HMSA.  (Id. at ¶¶ 58-63, ECF No. 30).

**Count I**

Count I requests a declaration that the E&O Policy does not cover expenses relating to the MDL Litigation.  (Id. at ¶ 59).

**Count II**

Count II requests a declaration that the D&O Policy does not cover expenses relating to the MDL Litigation. (Id. at ¶ 62).

Both the D&O Policy and E&O Policy (collectively hereinafter "the Policies") contain a clause requiring that the parties engage in alternative dispute resolution prior to filing suit. (Id. Ex. 5 at Endorsement 17, Subsection 10, Ex. 6 at Endorsement 7).  The Policies provide:

> "(1) non-binding mediation administered by the American Arbitration Association, in which the [parties] shall try in good faith to settle the dispute by mediation under or in accordance with its then-prevailing Commercial Mediation Rules; or (2) arbitration submitted to the American Arbitration Association under or in accordance with its then-prevailing Commercial Arbitration Rules."

(Id.)

If mediation is the type of alternative dispute resolution chosen, "either party shall have the right to commence a judicial proceeding; provided, however, that no such judicial proceeding shall be commenced until the mediation shall have been terminated and at least 120 days shall have elapsed from the date of the termination of the mediation." (Id.)

Plaintiffs' position is that the conditions precedent to filing suit contained in the Policies have been satisfied. (Id. at ¶ 54). The First Amended Complaint alleges that "HMSA and Allied World voluntarily engaged in several non-binding mediation sessions in 2016 in a good faith effort to settle this dispute, the last of which was held on September 12-13, 2016." (Id.) Plaintiffs allege that the mediation was unsuccessful, no further coverage mediation sessions have been scheduled, and the mediation process has been terminated. (Id.)

Defendant's position is that the parties have not satisfied the conditions precedent to filing suit. (Defendant's Motion to Dismiss at p. 4, ECF No. 32). HMSA has submitted an affidavit

6

stating that the mediation has not concluded and was not administered by the American Arbitration Association. (Affidavit of Nicholas Insua at ¶¶ 2-5, attached to Defendant's Motion to Dismiss, ECF No. 32-2). The MDL Litigation was referred to Judge Layn Phillips for mediation. (Id.; Joint Rule 16 Conference Information Report, attached to Defendant's Reply Memorandum, ECF No. 37-6). The Blue Cross Blue Shield companies and their insurers also agreed to mediate the coverage issues with Judge Phillips, and his company, Phillips ADR. (Id.) The parties to the case before the court here agree that mediation caucuses concerning insurance coverage took place in February of 2016, in May of 2016, and again in September of 2016. (Defendant's Motion to Dismiss, ECF No. 32).

## STANDARD OF REVIEW

A plaintiff has the burden of proving that subject-matter jurisdiction does in fact exist. Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

Federal Rule of Civil Procedure 12(b)(1) requires that a case must be dismissed for lack of subject-matter jurisdiction when the Court lacks a constitutional or statutory basis to adjudicate the controversy. Fed. R. Civ. P. 12(b)(1); Leeson v. Transamerica Disability Income Plan, 671 F.3d 969, 975 (9th Cir. 2012).

A challenge to the Court's subject-matter jurisdiction may be "facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the party challenging jurisdiction argues that the allegations contained in a complaint are insufficient "on their face" to invoke federal jurisdiction. Id. A facial challenge, therefore, mirrors a traditional motion to dismiss analysis. The Court must take all allegations contained in the pleading "to be true and draw all reasonable inferences in [its] favor." Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).

In a factual attack, the party challenging jurisdiction argues that the facts in the case, notwithstanding the allegations in the complaint, divest the Court of subject-matter jurisdiction. See White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). No presumptive truthfulness attaches to the complaint's allegations. Id. The party challenging jurisdiction presents "affidavits or other evidence properly brought before the court" indicating that subject-matter jurisdiction is lacking. Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). The burden then shifts to "the party opposing the motion [to] furnish affidavits or other evidence to satisfy its burden of establishing subject-matter jurisdiction." Id.; Colwell v. Dep't of Health and Human Serv., 558 F.3d 1112, 1121 (9th Cir. 2009). Failure to present suitable evidence establishing

8

subject-matter jurisdiction necessitates dismissal. Moore v. Maricopa Cnty. Sheriff's Office, 657 F.3d 890, 895 (9th Cir. 2011).

Defendant mounts a factual attack on Plaintiffs' Complaint. Plaintiffs must furnish evidence to establish subject-matter jurisdiction to avoid dismissal.

## **ANALYSIS**

Article III, section 2 of the United States Constitution, limits this Court's subject matter jurisdiction to deciding "cases" or "controversies." See, e.g., Allen v. Wright, 468 U.S. 737, 750 (1984). No case or controversy exists if a case is not yet ripe for adjudication, see, e.g., Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1139 (9th Cir.2000) (en banc), consequently a federal court lacks subject matter jurisdiction in such a case. See, e.g., St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir.1989) ("Whether a claim is ripe for adjudication goes to a court's subject matter jurisdiction under the case or controversy clause of article III of the federal Constitution.").

Defendant HMSA's Motion to Dismiss is filed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Defendant's motion factually attacks Plaintiffs' Amended Complaint under Rule 12(b)(1).

In a factual attack, Defendant is allowed to present "affidavits or other evidence properly brought before the court" indicating that subject-matter jurisdiction is lacking. Savage, 343 F.3d at 1039 n.2 (9th Cir. 2003). The burden then shifts to "the party opposing the motion [to] furnish affidavits or other evidence to satisfy its burden of establishing subject-matter jurisdiction." Id.; Colwell, 558 F.3d at 1121. Failure to present suitable evidence establishing subject-matter jurisdiction necessitates dismissal. Moore, 657 F.3d at 895.

HMSA argues that this Court lacks subject-matter jurisdiction because Plaintiff's case is not yet ripe as the parties have failed to engage in a condition precedent to litigation. (See Defendant's Motion to Dismiss at pp. 9-12, ECF No. 32).

**I. Hawaii Law Applies**

The Court must resolve which state's law applies in order to determine if the conditions precedent to litigation in the Policies have been met and the matter is ripe for review. The Policies do not contain choice of law provisions. In a diversity case, a federal court ordinarily must apply the choice of law rule of the state in which it sits. DeRoburt v. Gannett Co., Inc., 83 F.R.D. 574, 576 (D.Haw.1979); Lemen v. Allstate Ins. Co., 938 F.Supp. 640, 643 (D.Haw.1995).

10

Hawaii courts resolve conflict of law issues by deciding which state has the strongest interest in seeing its law applied to a particular case. Lewis v. Lewis, 748 P.2d 1362 (1988); Peters v. Peters, 634 P.2d 586 (1981).

The Hawaii Supreme Court discussed its choice of law jurisprudence in Mikelson v. United Serv. Auto. Ass'n, 111 P.3d 601 (2005). The Mikelson court observed the following:

> This court has moved away from the traditional and rigid conflict-of-laws rules in favor of the modern trend towards a more flexible approach looking to the state with the most significant relationship to the parties and subject matter. This flexible approach places primary emphasis on deciding which state would have the strongest interest in seeing its laws applied to the particular case. Hence, this court has said that the interests of the states and applicable public policy reasons should determine whether Hawai'i law or another state's law should apply. The preferred analysis ... would be an assessment of the interests and policy factors involved with a purpose of arriving at a desirable result in each situation.

Mikelson, 111 P.3d at 607 (citations, brackets, and quotation marks omitted); see Del Monte Fresh Produce (Hawaii), Inc. v. Fireman's Fund Ins. Co., 183 P.3d 734, 742 (Haw.2007).

Review of the Policies demonstrates that Hawaii is the state with the most significant interest in having its laws applied. Defendant HMSA is a company organized and existing under the laws of the State of Hawaii with its principal place of business in Hawaii. (First Amended Complaint at ¶ 4, ECF No. 30). The Polices both insure HMSA. (Id. at ¶¶29-33, 39-50).

**II. The ADR Provisions are Conditions Precedent to Litigation**

Hawaii law follows the Second Restatement of Contracts, which defines a "condition precedent" as "an event, not certain to occur, which must occur, unless its non-occurrence is excused, before performance under a contract becomes due." Brown v. KFC Nat'l Mgmt. Co., 921 P.2d 146, 166 (1996) (quoting Restatement (Second) of Contracts § 224 (1981)).

The Policies issued to Defendant by Plaintiffs both contain a condition precedent to filling suit. They state: "no . . . judicial proceeding shall be commenced until . . . mediation shall have been terminated and at least 120 days shall have elapsed from the date of the termination." (First Amended Complaint, Ex. 5 at Endorsement 17, Subsection 10, Ex. 6 at Endorsement 7, ECF No. 30). The Policies require mediation be "administered by the American Arbitration Association, in which the [parties] shall try in good faith to settle the dispute by mediation under or in accordance with its then-prevailing Commercial Mediation Rules." (Id.)

Subject-matter jurisdiction exists if the parties have fulfilled the conditions precedent to litigation contained in the Policies. Plaintiffs must furnish evidence to show that the parties complied with the ADR Provisions, or that Defendant waived strict compliance.

## III. Plaintiffs Have Failed to Show Defendants Engaged in Arbitration Administered by the American Arbitration Association, or that Defendants Waived Strict Compliance with the ADR Provisions.

In Hawaii, a waiver may be found by express statement or agreement or implied by acts and conduct from which an intention to waive may be reasonably inferred. See Coon v. City & Cty. of Honolulu, 47 P.3d 348, 376–77 (2002)(citations omitted). Waiver is generally defined as an "intentional relinquishment of a known right, a voluntary relinquishment of rights, and the relinquishment or refusal to use a right." Id. To constitute a waiver, there must have existed a right claimed to have been waived and the waiving party must have had knowledge, actual or constructive, of the existence of such a right at the time of the purported waiver. Id. The question of whether a valid waiver exists is generally a question of fact, but when the facts are undisputed it may become a question of law. Id.

Defendant has provided affidavits which state that the Parties did not comply with the ADR Provisions in Policies. (Affidavit of Nicholas Insua at ¶¶ 2-6, attached to Defendant's Motion to Dismiss, ECF No. 32-2). HMSA's affidavit states that the mediation was not administered by the American Arbitration Association. (Id.) The MDL Litigation was referred to Judge Layn Phillips for mediation. (Id.; Joint Rule 16 Conference Information Report, attached to Defendant's Reply Memorandum, ECF

13

No. 37-6). The Blue Cross Blue Shield companies and their insurers also agreed to mediate the coverage issues with Judge Phillips, and his company, Phillips ADR. (Id.) The parties to the case before the Court here agree that mediation caucuses concerning insurance coverage took place in February of 2016, in May of 2016, and again in September of 2016. (Defendant's Motion to Dismiss, ECF No. 32).

Defendant's affidavits factually attacking Plaintiffs' assertion of subject-matter jurisdiction shift the burden to Plaintiffs to furnish evidence to establish subject-matter jurisdiction. Savage, 343 F.3d at 1039 n.2; Colwell, 558 F.3d at 1121. Failure to present suitable evidence establishing subject-matter jurisdiction necessitates dismissal. Moore, 657 F.3d at 895. Plaintiffs have only put forth allegations that Defendants have waived strict compliance. (Fist Amended Complaint at ¶¶ 54-55, ECF No. 30; Plaintiffs Opposition at 3, pp. 8-11, ECF No. 35). Allied World has failed to furnish evidence that establishes that the parties engaged in mediation consistent with the terms of the Policies, or that HMSA has waived strict compliance with the ADR Provisions. Brown v. Bank of Am., N.A., 660 F. App'x 506, 508 (9th Cir. 2016).

Plaintiff received notice on May 22, 2017, that Defendant took the position that the initial complaint must be dismissed for failure to satisfy conditions precedent to litigation.

(Defendant's Initial Motion to Dismiss, pp. 4-10, ECF No. 27). Plaintiff filed an Amended Complaint which failed to address the issues raised in Defendant's initial Motion to Dismiss. (First Amended Complaint, ECF No. 30). Plaintiffs' Amended Complaint contained only conclusory allegations that the conditions precedent to litigation had been satisfied. (Id. at ¶ 54). Pursuant to Defendant's initial Motion to Dismiss, the parties stipulated to allow Defendant to withdraw their initial motion to dismiss without prejudice. (ECF No. 31). In the stipulation, HMSA contended that the Amended Complaint did not address the issues raised in the initial Motion to Dismiss. (Id. at 3). Defendant raised the same issue in the subsequent Motion to Dismiss because Plaintiffs failed to address the issue. (Motion to Dismiss, pp. 5-12, ECF No. 32). HMSA attacked Plaintiff's non-specific allegations in their Motion to Dismiss with evidence. (Affidavit of Nicholas Insua at ¶¶ 2-6, attached to Defendant's Motion to Dismiss, ECF No. 32-2). Plaintiffs again failed to dispute Defendant's evidence in their Opposition with evidence of their own. (Plaintiffs' Opposition, ECF No. 35).

**IV. Plaintiffs Have Failed to Show that the Mediation has been Terminated.**

Even if waiver is found, the Policies require that "mediation shall have been terminated and at least 120 days shall

15

have elapsed from the date of the termination" before filing suit. (First Amended Complaint, Ex. 5 at Endorsement 17, Subsection 10, Ex. 6 at Endorsement 7, ECF No. 30). Defendants have submitted an affidavit stating that the coverage mediation sessions with Judge Phillips have not been terminated. (Affidavit of Nicholas Insua at ¶ 6, attached to Defendant's Motion to Dismiss, ECF No. 32-2).

Plaintiffs have the burden to submit evidence to rebut Defendant's evidence. Savage, 343 F.3d at 1039 n.2; Colwell, 558 F.3d at 1121. Plaintiffs rely only on conclusory statements in their complaint and opposition. (Fist Amended Complaint at ¶¶ 54-55, ECF No. 30; Plaintiffs Opposition at p. 3, pp. 11-12, ECF No. 35). Plaintiffs have not provided evidence to support their bald assertion of termination. Brown, 660 F. App'x at 508. It should be a simple matter for Plaintiffs to secure a letter from Judge Layn Phillips stating that the mediation has been terminated. Yet, Plaintiffs ask this Court to inquire into the substance of the mediation in order to independently determine that the mediation has ended. Plaintiffs have failed to carry their burden to show the mediation has been terminated and that the matter was ripe for the filing of the litigation.

Plaintiffs must provide evidence to establish subject-matter jurisdiction. The Court lacks jurisdiction so it is not appropriate to reach the other issues raised in the briefing.

(Defendant's Motion to Dismiss at pp. 12-19, ECF No. 32).

Defendants Motion to Dismiss Plaintiffs' Complaint is **GRANTED**.

**CONCLUSION**

Defendant's Motion to Dismiss (ECF No. 32) is **GRANTED.** Plaintiffs' First Amended Complaint (ECF No. 30) is **DISMISSED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 27, 2017.

_____
Helen Gillmor
United States District Judge

Allied World Surplus Lines Insurance Company F/K/A Darwin Select Insurance Company and Allied World Specialty Insurance Company F/K/A Darwin National Assurance Company v. Hawaii Medical Service Association D/B/A Blue Cross and Blue Shield of Hawaii; Civ. No. 17-00156 HG-RLP; **ORDER GRANTING DEFENDANT HAWAII MEDICAL SERVICE ASSOCIATION'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT (ECF No. 32)**